# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

RICHARD REED,
ADC #110264                                                                                    PLAINTIFF

V.                                      5:11CV00111 DPM/JTR

DR. ROLAND ANDERSON, Director,
Correctional Medical Services, Inc., et al.                                         DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.  Introduction

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Undisputed Facts  *See* docket entries #16, #17, and #18.  Plaintiff has filed a Motion for Voluntary Dismissal, to which Defendants have filed a Response.

*See* docket entries #30 and #31.  For the following reasons, the Court recommends that Plaintiff's Motion for Voluntary Dismissal be granted, and that Defendants' Motion for Summary Judgment be dismissed, as moot.

## II. Discussion

Plaintiff, Richard Reed, is a prisoner in the Delta Regional Unit.  On May 2, 2011, he filed a *pro se* § 1983 Complaint alleging that Defendants were failing to provide him adequate medical care for bleeding hemorrhoids.  *See* docket entry #2.

On July 1, 2011, Defendants filed a Motion for Summary Judgment arguing that this case should be dismissed, *without prejudice*, because Plaintiff failed to fully exhaust his administrative remedies.  *See* docket entries #16, #17, #18. Specifically, Defendants stated that, although Plaintiff had filed several grievances, he failed to appeal them through the final step of the ADC grievance procedure. *Id.*

On August 30, 2011, Plaintiff filed a Motion for Voluntary Dismissal, conceding that his claims are unexhausted.  *See* docket entry #30.   Thus, he seeks permission to dismiss this case, *without prejudice,* so that he may properly do so.  *Id.*

Defendants have filed a Response to Plaintiff's Motion to Dismiss  arguing that the case should be dismissed, *with prejudice.  See* docket entry #31.  According to Defendants, it is too late for Plaintiff to exhaust his administrative remedies within the ADC.  *Id.*  Thus, Defendants believe that this case must be dismissed, *with prejudice*.

*Id.* Defendants' argument fails for two reasons.[1]

First, Plaintiff's Complaint contains allegations of prior and *current* inadequate medical care. It is not too late for Plaintiff to properly exhaust his administrative remedies in regard to any *current* lack of adequate medical care.[2]

Second, while Defendants cite *Woodford v. Ngo*, 548 U.S. 81 (2006), to support their position that the dismissal should be with prejudice, they have misconstrued the holding of that case. In *Woodford*, the Court clarified that the PLRA requires a prisoner to "properly" exhaust his administrative remedies. *Id.* If a prisoner fails to do so – by filing an untimely grievance – then he is procedurally barred from bringing his constitutional claim in a § 1983 action. *Id.* In so holding, the *Woodford* Court did *not* rule on whether a dismissal for failure to exhaust should be with or without prejudice. *Id.* Nor has the Supreme Court done so in any other cases interpreting the

---

[1] Defendants cite *Allen v. Jussila*, Case No. 08-6366, 2010 WL 3521934 (D. Minn. Aug. 5, 2010) (unpublished opinion), to support their position that this case should be dismissed with prejudice. In *Allen*, a trial judge found that a prisoner failed to exhaust his administrative remedies. The time period for the prisoner to properly exhaust his claim in the prison system expired. The trial judge concluded that, because the prisoner procedurally defaulted his claims, "his suit is precluded forever and must be dismissed with prejudice." *Id.* at 9. However, the *Allen* decision is contrary to Eighth Circuit precedent.

[2] It is unclear whether Plaintiff may be able to resurrect his claims regarding *prior* inadequate medical care. He may be able to do so as it appears that the alleged lack of medical care has been an ongoing problem. Nevertheless, that issue can be resolved if Plaintiff chooses to refile his lawsuit after exhausting his administrative remedies.

PLRA's exhaustion requirement.[3]

In contrast, the Eighth Circuit has held, on numerous occasions, that the dismissal of a prisoner's § 1983 action for failure to exhaust administrative remedies should be *without prejudice*. *See, e.g., Fudge v. Jackson*, Case No. 10-2147, 2011 WL 31770 (8th Cir. Jan. 6, 2011) (unpublished opinion) (modifying an exhaustion dismissal that was entered with prejudice, to a dismissal without prejudice); *Adams v. Hobbs*; Case No. 10-2138, 2010 WL 4813595 (8th Cir. Nov. 29, 2010) (unpublished opinion) (same); *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion) (same); *Chelette v. Harris,* 229 F.3d 684, 688 (8th Cir. 2000) (same).

In fact, the Eighth Circuit has held that, once a trial court determines that a prisoner's claims are unexhausted, it is "required to" dismiss the case *"without prejudice"* – and it cannot proceed to reach the merits and dismiss the case, with prejudice. *See Barbee v. Corr. Med. Servs., Inc.*, Case No.10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion); *see also Davis v. Harmon*, Case No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion).

---

[3] It is impossible to determine, from the *Woodward* opinion, whether the prisoner's case was dismissed with or without prejudice. In *Booth v. Churner,* 532 U.S. 731 (2001), a trial court dismissed a prisoner's § 1983 action, without prejudice, due to his failure to exhaust administrative remedies. The Supreme Court affirmed the dismissal on appeal.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Voluntary Dismissal (docket entry #30) be GRANTED, and that this case be DISMISSED, WITHOUT PREJUDICE.

2. Defendants' Motion for Summary Judgment (docket entry #16) be DISMISSED AS MOOT.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this <u>9th</u> day of September, 2011.

                                                            UNITED STATES MAGISTRATE JUDGE